# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMDEN BARLOW, : | |
|     Petitioner, : | |
| : | CIVIL ACTION NO. 1:18-CV-1671 |
| v. : | |
| : | Judge Sylvia H. Rambo |
| WARDEN DAVID J. EBBERT, : | |
|     Respondent. : | |

## **MEMORANDUM**

On August 23, 2018, Petitioner Camden Barlow ("Barlow"), a prisoner confined at the Lewisburg United States Penitentiary, Lewisburg, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Barlow challenges the Bureau of Prisons' ("BOP") calculation of his good conduct time, asking the Court to correct "his sentence of imprisonment to reflect the loss of good conduct time days," which he calculates to be "a loss of 216 good conduct time days total." (*Id.* at 5.) Having received the $5.00 filing fee on September 17, 2018, an Order to Show Cause was issued on September 25, 2018. (Doc. No. 4.) Respondent filed a response to the § 2241 Petition on October 15, 2018. (Doc. No. 6.) Barlow has not filed a traverse. Accordingly, this matter is ripe for disposition. For the reasons that follow, Barlow's § 2241 Petition will be denied.

## I. BACKGROUND AND DISCUSSION

Barlow is currently serving an 87-month sentence imposed by the United States District Court for the Middle District of North Carolina for Felon in Possession of a Firearm. (Doc. No. 8 Ex. 1 ¶ 3, Frymoyer Decl.) Barlow began serving his sentence on October 3, 2014, and his "current projected release date is July 8, 2021, via good conduct time . . . release." (*Id.*)

The BOP awards good conduct time to inmates in accordance with 18 U.S.C. § 3624(b), which states:

> (1) [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b)(1)-(2). The BOP has interpreted this statute as permitting 54 days of good conduct time "for each year served." 28 C.F.R. § 523.20. To calculate good conduct time, the BOP uses a formula that "takes into account the fact that an inmate's time actually served becomes incrementally shorter each year as he is awarded" good conduct time. *O'Donald v. Johns*, 402 F.3d 172, 173 (3d Cir. 2005) (per curiam) (citing *White v. Scibana*, 390 F.3d 997, 999-1000 (7th Cir. 2004)). As the Seventh Circuit has explained,

> [t]he Bureau's proration and year-and-a-day formula is based on the premise that for every day a prisoner serves on good behavior, he may receive a certain amount of credit toward the service of his sentence, up to a total of fifty-four days for each full year. Thus, under the Bureau's formula, a prisoner ears .148 days' credit for each day served on good behavior (54 ÷ 365 = .148), and for ease of administration the credit is awarded only in whole day amounts. Recognizing that most sentences will end in a partial year, the Bureau's formula provides that the maximum available credit for that partial year must be such that the number of days actually served will entitle the prisoner (on the .148-per-day basis) to a credit that when added to the time served equals the time remaining on the sentence.

*White*, 390 F.3d at 1000.

During his first year of incarceration, Barlow received Disciplinary Hearing Officer ("DHO") sanctions that resulted in the disallowance of 136 days of good conduct time. (Frymoyer Decl. ¶ 4; Attach. B; Attach. C.) Thus, Barlow did not receive any good conduct time credit at the end of his first year of imprisonment.

3

(*Id.*) Likewise, Barlow did not receive any good conduct time credit at the end of his second and third years of imprisonment, because he received DHO sanctions resulting in the disallowance of 448 days and 81 days, respectively, of good conduct time. (Frymoyer Decl. ¶¶ 5-6; Attach. B; Attach. C.)

At the end of his fourth year of imprisonment, Barlow had received DHO sanctions resulting in the disallowance of 27 days of good conduct time. (Frymoyer Decl. ¶ 7; Attach. B; Attach C.) Thus, he received credit for 27 days of good conduct time at the end of that year. (*Id.*) However, those 27 days do not vest until Barlow is released from custody, *see* 28 U.S.C. § 3624(b)(2), and therefore are subject to future forfeiture (*see* Frymoyer Decl. Attach. E.) During his seventh year of imprisonment, Barlow "will be eligible to receive up to 41 days of [good conduct time] in accordance with the BOP's formula." (*Id.* ¶ 8.)

The record before the Court reflects that Barlow was eligible to receive credit for up to 216 days of good conduct time during his first four years of incarceration. However, because of the various disciplinary sanctions, he only received credit for 27 days of good conduct time. While the DHO's sanctions disallowed a total of 692 days of good conduct time "on paper," pursuant to § 3624(b) and the BOP's formula, Barlow simply did not receive credit for 189 days of good conduct time.

Contrary to Barlow's assertion, he was never deprived of 472 days of good conduct time. Rather, his projected release date of July 8, 2021 takes into account the credit for the 27 days of good conduct time he earned during his fourth year of incarceration, as well as credit for an additional 149 days, presuming that he receives full credit for good conduct time for the remainder of his incarceration. (Frymoyer Decl. Attach. B.) The "excess" time disallowed by the DHO simply had no effect on his length of his sentence. Accordingly, Barlow's § 2241 Petition lacks merit.

## II. CONCLUSION

For the foregoing reasons, the Court concludes that the BOP has properly calculated Barlow's amount of good conduct time. Accordingly, Barlow's § 2241 Petition will be denied. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 26, 2019